MAY TERM
1835.

Sloan
v.
Gibson.

SLOAN v. GIBSON.

1. In a bill of sale of a slave, the seller warranted the slave "from all vices and diseases prescribed by law"—Held, that the words "prescribed by law" ought to be rejected—and that it is a contract against "all vices and diseases."
2. The warranty is against diseases existing at the *time of making it.*
3. This instrument may be declared on without setting forth a consideration or proving it.

ERROR to the circuit court of Cooper county.

McGIRK Judge delivered the opinion of the court.

Declaration and pleadings.

Sloan brought an action of assumpsit on a warranty of a soundness of a negro slave sold by Gibson to him.

There are two counts in the declaration setting out a bill of sale in both counts in which the supposed warranty is contained. The defendant craved oyer of the writing which was given. The defendant then demurred generally. The court sustained the demurrer and gave judgment for the defendant. There is a variance between the writing declared on and the first count, and the plaintiff in error in argument abandons the first count.

That part of the instrument on which the warranty is founded reads as follows:

Instrument declared on.

"KNOW ALL MEN BY THESE PRESENTS, that I William Gibson of Cooper county and State of Missouri, have this day, for and in consideration of the sum of four hundred and ninety dollars to me in hand paid &c. &c., bargained and sold, and do by these presents bargain sell and convey to Montgomery Sloan of Louisiana, a certain negro man named Joe, slave for life, aged eighteen years. The said negro man I do warrant and defend from all other claims and from me and my heirs, as also from all vices and diseases prescribed by law to the said Sloan."

In a bill of sale of a slave, the seller warranted the slave "from all vices and diseases prescribed by law." Held, that the words "prescribed by law" ought to be rejected—and that it is a contract against "all vices and diseases."

It is insisted by Mr. French for the defendant in error, that this paper creates no warranty at all. That as the party only bound himself to warrant against those diseases prescribed by law—now as the law prescribes no diseases, none are warranted against.

The Attorney General puts the argument in this shape. Suppose the writing had warranted against all diseases contained in a certain deed, and when we look to the deed there is nothing contained there. Then there is no warranty at all.

The argument of Messrs. Hayden and Leonard on the part of the plaintiff in error is, that the words prescribed by law are in reference to the laws of Missouri perfectly

nonsensical, and are to be disregarded for want of meaning. But if this is not so then the court must say, what is the meaning of the words "prescribed by law," and they insist that the warrantor meant such diseases as the law will regard as being permanent and dangerous to the life or health of the slave, and they liken it to a warranty of soundness of a horse; where at the time of the warranty the horse is afflicted with stumpsucking and roaring, these things are not considered by the courts diseases embraced in such warranty. Our opinion regarding this warranty is, that if any sensible and operative meaning can be given to it, it should be done. One rule which may be applied to this paper is, that if there be some words which are dark and mysterious, so that the court cannot find out the meaning thereof, those words of course must be set aside, and then if there be any thing left which will make sense and create a duty, it shall be done.

If the words *"prescribed by law"* are rejected, then the warranty will be plain enough, and will read that the warrantor "warrants and defends against all diseases." If the party meant the words *"prescribed by law"* should be a limitation on the preceding general warranty, he ought to have used words to make that restriction understood, but not having done so, the supposed restriction goes for nothing.

It is farther argued by the defendant in error that the writing creates no warranty. The words are; "I do warrant and defend from all vices and diseases."

It is argued by Mr. French that these words refer to future time and not to diseases, then existing.

This is not a fair interpretation of the writing. I do warrant and defend from all diseases—now existing—I warrant the slave is now sound. This in our opinion is the meaning of the warranty.

One objection was made by Mr. Wells to the declaration, which was that, the instrument declared on not being under seal, cannot be made the foundation of an action so as to dispense with the necessity of laying and proving a consideration.

We took it for granted that this question had been put to rest for about fifteen years. During the Territorial Government about the year 1817, this question was considerably stirred, some of the then circuit judges held, no writing not under seal, though signed by the party, purported a consideration, but that the same must be laid and proved; unless where the paper on the face acknowledged a consideration. We believe this opinion was over-

MAY TERM
1835.

Sloan
v.
Gibson.

The warranty is against diseases existing at the *time of making it.*

This instrument may be declared on without setting forth a consideration or proving it.

MAY TERM
1835.

ruled by the Territorial appellate court. And there the question has rested until now.

We are not now warranted to stir the question, as we believe the decisions of the courts and general practices of the country ought to be considered as having put this question to rest.

The judgment of the court below is reversed—the cause is remanded and the demurrer is overruled, and the defendant has leave to plead.